ROY W. ALEXANDER, O. M. ALEXANDER AND ELIZABETH A. BRITTAIN
v. GROVE STONE & SAND COMPANY, A CORPORATION.

(Filed 25 February, 1953.)

1. **Landlord and Tenant § 17—Lease held not subject to cancellation under its terms if quarrying operation were pursued on any part of land.**

   Lessor leased to a corporation the right to quarry sand and gravel on ten tracts of land for a period of fifty years in consideration of stock in lessee corporation, with provision that lessor or his assigns might terminate the lease upon surrender of the stock if lessee should fail to start quarrying operations on the premises within a reasonable time or should discontinue quarrying operations for a period of three years. Quarrying operations were started on several of the tracts of land included in the premises, but plaintiff purchased a tract upon which no quarrying operations had ever been carried on. *Held:* Under the terms of the lease, the ten tracts should be considered as a whole and the requirement of user is

not applicable to each tract separately, and therefore plaintiff is not entitled to terminate the lease for nonuser, and further, the surrender of the stock is a condition precedent to the right to terminate the lease.

### 2. Abandonment § 2—

Mere failure to list and pay taxes on an interest in realty does not alone constitute conclusive evidence of abandonment of such interest.

APPEAL by plaintiffs from *Patton, Special Judge,* November Term, 1952, of BUNCOMBE. Affirmed.

*George W. Craig and E. L. Loftin for plaintiffs, appellants.*
*Lee & Lee for defendant, appellee.*

DEVIN, C. J. The plaintiffs instituted this action to remove cloud on their title to described land resulting from a long term lease on certain mineral rights therein executed by a former owner.

On the issues raised by the pleadings jury trial was waived and the cause submitted to the court for the determination of the rights of the parties upon an agreed statement of facts. From this agreed statement and the exhibits thereto attached the following material facts are made to appear.

In 1924 E. W. Grove and others organized the defendant Corporation for the purpose of developing commercially certain deposits of sand, stone and gravel on the land owned by E. W. Grove on the waters of Swannanoa River in Buncombe County, and in consideration of the leasing by him to the defendant the right to remove these materials therefrom for a period of 50 years, there were issued to E. W. Grove 618 shares of the capital stock of the corporation of the par value of $100 per share. Other individuals subscribed for an equal number of shares of stock, and it was provided that the contract should be effective when $50,000 had been raised.

By the terms of the lease the defendant Corporation was given the "right of entering in and upon the land hereinafter described for the purpose of searching for and locating sand, stone and gravel, and the quarrying, removing and preparing for market all such sand, stone, gravel or rock which may be found on said premises and to manufacture therefrom such products as it may desire," and to the defendant Corporation was granted "all such sand, gravel, stone and rock on said premises which it may desire during the period of 50 years from the date hereof, and to mine, quarry, manufacture, remove, sell and dispose of the same." The defendant was further given "the right, during the continuance of this contract, to construct, erect and maintain on said premises such building,

machinery and other structures incident or necessary to the conduct of said business."

The lease or contract also contained the following agreement:

The said party of the second part (defendant) agrees to commence its operations hereunder within a reasonable time from the date hereof, and in the event said party of the second part shall fail to so commence operations hereunder, or shall, at any time during the continuance hereof discontinue its operations on said premises for a period of three (3) years, then in that event, the said party of the first part, or his assigns, shall have the right to declare this contract null and void and of no effect, and upon the return and delivery to the party of the second part of all capital stock held by the party of the first part in said Company, the said party of the second part agrees and binds itself to release any and all claim, interest and demand it may have in and to the lands hereinafter described, by virtue of this contract."

The lands embraced in the lease were described generally as those certain tracts or parcels of land situate on the waters of Swannanoa River in Buncombe County and more particularly described in the deeds to the lessor, and there followed a list of deeds numbered 1 to 10 identified only by the name of the grantor and the book and page of registration.

The lessor E. W. Grove reserved to himself and his assigns the right to use the premises for any purpose desired which did not interfere with the operations of the defendant pursuant to the contract. The lease agreement was duly registered 7 May, 1924.

On 12 January, 1937, the trustees of the E. W. Grove Estate conveyed to the plaintiffs' predecessor in title for a valuable consideration the parcel of land containing 14 acres referred to in the list set out in the lease as No. 1, subject to the lease executed by E. W. Grove to the defendant Corporation in 1924.

Further facts agreed to by the parties to this action and set out in the agreed statement were substantially as follows:

1. That the defendant has not listed or paid taxes on the mineral rights secured to it by the lease contract.

2. That since the date of the lease and up to the present time the defendant has not carried on any crushing, mining or quarrying operations on the lands conveyed to the plaintiffs' predecessor in title, herein referred to as tract No. 1, and has not constructed thereon any buildings, roads or other structures incident to the conduct of its business.

3. That in 1924 the defendant constructed on tract No. 4 a large crusher plant, offices, other structures and a railway spur track and commenced its operations which thereafter have continued without interruption or abandonment.

4. That during the years 1924 to 1927 inclusive, defendant went upon tracts 7, 8 and 10 for the purpose of searching for and locating sand, stone and gravel, and excavated and removed sand, stone and gravel, and hauled these products to the crusher plant by means of a narrow gauge railroad on and over said tracts.

5. That in 1938 defendant removed the crusher on tract No. 4 and relocated a new crusher plant on lands north of Highway 70, and on account of the long haul from the lands of plaintiffs and others to the new crusher the defendant did not after 1938 extract or mine sand or gravel therefrom, and since said removal has procured raw materials from other lands.

6. That although defendant removed its plant in 1938 from tract No. 4, operations on said tract were not discontinued, there having been constructed thereon about the same time loading platforms serviced by railroad spur track; that in order to use the large quantities of sand stored on tract No. 4 the Asheville Paving Company constructed thereon, with defendant's permission, a plant for the manufacture of asphalt.

7. That the location and construction of a new crusher plant were in the interest of more economical operations of the defendant in that the same, together with the defendant's offices, scales and storage bins, were and are now located on tract No. 7.

Upon these facts the court below was of opinion, and so held that the 10 tracts of land described in the lease should be considered and dealt with as a unit, and that therefore the defendant was not bound to commence or continue its operations on each separate tract on pain of forfeiture, and that the defendant has complied with the terms of the lease by beginning operations within the time specified and continuing to excavate sand, stone, and gravel from one or more of the tracts, other than that of plaintiffs; that the return by E. W. Grove or his assigns of the shares of stock issued to him in consideration of the leasing of the 10 tracts of land was a condition precedent to the exercise of the option to declare the lease void; and that the defendant has not abandoned or forfeited its right to go upon the land of the plaintiffs for the purposes set out in the lease. Thereupon the court adjudged that the lease or contract of January, 1924, was and still is binding on the plaintiffs and constituted a right or charge in favor of the defendant against the described lands of the plaintiffs.

To this judgment the plaintiffs in apt time excepted, and their appeal brings up for review the ruling below as it affects the rights of the parties herein.

An examination of the terms of the lease, in connection with the statement of facts agreed, leads us to the conclusion that the court below has

properly determined the rights of the parties and that the judgment appealed from should be affirmed.

It is apparent, we think, from the language in which the lease was expressed that the parties contemplated that the 10 tracts should be considered and dealt with as a whole, and that the requirements of user should not be applicable to each tract separately. The lease refers to the land as "premises" and grants to the defendant the right to enter in and upon "the land" thereinafter described for the purposes therein set out, and provides that in consideration of 618 shares of the capital stock of the corporation the lessor conveys to the defendant lessee substantial rights for continued and extended operations thereon for 50 years. The conclusion seems inescapable that this was intended to be an entire transaction whereby in consideration of the shares of stock the lease was given on a body of land considered as a unit, though compiled by the aggregation of 10 contiguous tracts which had been acquired by E. W. Grove from the enumerated sources.

It follows that it was correctly held that the use of one or more tracts for the purposes of the lease was a compliance with the requirements of the lease, and that on the facts agreed the issue was binding on the plaintiffs, with consequent right of defendant to make such use of plaintiffs' land and under such conditions as are specified in the lease.

The plaintiffs argue that the lease is in effect a conveyance of mineral rights and interests, constituting a severance of the mineral and surface rights in the land, and that the defendant's failure to list and pay taxes on such mineral interests (G.S. 105-306 (7)) affords evidence of an abandonment of the right to enter upon plaintiffs' land to take minerals therefrom.

While the facts upon which this argument is based might be considered as evidence of an abandonment of rights under the lease, in view of all the facts agreed and in absence of other evidence of voluntary relinquishment, the failure to list for taxation may not be regarded as conclusive on the question of the right of the defendant to enter upon the land of the plaintiffs or as determinative of the rights of the parties under the lease. 1 A.J. 12. The court properly held the defendant had not abandoned or forfeited its rights.

We conclude that the judgment denying the plaintiffs the relief prayed for should be affirmed.

Affirmed.